Mr. Joe H. Pickens, General Counsel District School Board of Putnam County 222 North Third Street Palatka, Florida 32177-3710
Dear Mr. Pickens:
On behalf of the District School Board of Putnam County, you ask substantially the following question:
Is information collected and compiled by the local teacher's union from evaluation forms anonymously filled out by members of the union and, unsolicited, provided to the school superintendent to be used in the evaluation of principals and assistant principals exempt from Chapter 119, Florida Statutes, the Public Records Law, pursuant to section 231.291, Florida Statutes?
In sum:
Information obtained from evaluation forms circulated by the local teacher's union to its members to be filled out anonymously with comments, criticisms, and suggestions regarding principals and assistant principals that is provided unsolicited to the superintendent is not exempt from the Public Records Law pursuant to section 231.291, Florida Statutes.
You state that during the 1993-94 school year, the local teacher's union circulated evaluation/survey forms to its members to be anonymously completed. The forms included space for comments, criticisms, and suggestions regarding principals and assistant principals in the district. The information collected and compiled by the union is provided unsolicited to the superintendent, who, without formal policy or rule mandating the consideration of such material, may or may not use the information in conjunction with her formal observation and evaluation of school principals. Copies of the surveys regarding assistant principals are provided to principals, who in turn may or may not use the information in their formal observation and evaluation of their assistant principals. These forms are not the statutorily prescribed forms prepared pursuant to the statutory provisions of Chapter 231, Florida Statutes.
Your letter states that the school board has not adopted any policy, rule, or guideline recognizing the existence or utilization of the union surveys in conjunction with the formal evaluation process. The formal evaluations are those conducted by the superintendent and the principals referenced in section 231.291(3)(a)2., Florida Statutes. A question has arisen whether the confidentiality provisions for employee evaluations contained in section 231.291(3)(a)2., Florida Statutes, applies to the survey forms provided by the teacher's union.
Section 231.291, Florida Statutes, sets forth the manner in which personnel files for public school system employees shall be maintained. Relative to employee evaluations, section 231.291(3)(a)2., Florida Statutes, provides:
An employee evaluation prepared pursuant to s. 231.17(3), s. 231.29, or s. 231.36 or rules adopted by the State Board of Education or local school board under the authority of those sections shall be confidential and exempt from the provisions of s. 119.07(1) until the end of the school year immediately following the school year in which the evaluation was made. No evaluation prepared before July 1, 1983, shall be made public pursuant to this section. (e.s.)
Thus, an employee evaluation is confidential for a specific period of time. The term "employee evaluation" is not defined in Chapter 231, Florida Statutes. As used in the context of section 231.29, Florida Statutes, the superintendent must "establish procedures for assessing the performance of duties and responsibilities of all instructional, administrative, and supervisory personnel employed in his district."[1] All personnel of the school district must be fully informed of the criteria and procedures associated with the assessment process before the assessment takes place.[2]
Pursuant to section 231.29(7), Florida Statutes:
The district school board shall establish a procedure annually reviewing instructional personnel assessment systems to determine compliance with this section. All substantial revisions to an approved system must be reviewed and approved by the school board before being used to assess instructional personnel. Upon request by a school district, the department shall provide assistance in developing, improving, or reviewing an assessment system.
As you have stated, the district school board has not adopted any policy, rule, or guideline recognizing the existence or utilization of the union surveys in conjunction with the formal evaluation process. Absent such formal adoption of the survey as a part of the evaluation process, it does not appear that a survey conducted by a private entity without solicitation and which provides the information to the superintendent of the school district for use in the evaluation of school personnel would come within the confidentiality provision of section 231.291(3)(a)2., Florida Statutes.
You cite Cantanese v. Ceros-Livingston[3] for the proposition that the survey forms fall within the composite definition of "evaluation" as that term is used in section 231.291, Florida Statutes. In that case, the district court considered whether copies of minutes and other documentation indicating the votes on tenure or promotion applications for university professors were exempt from disclosure under section 240.253, Florida Statutes, as "information reflecting evaluations of employee performance."[4]
The court observed that section 240.253, Florida Statutes, authorizes universities to exempt from public disclosure a certain class of information, but does not specify what records might constitute such "information." The court concluded that the university is authorized to decide what records may fit into the legislative classification of exempt information. In Cantanese, the university had promulgated a rule stating: "The contents of employee evaluation files shall be confidential." Thus, the university's determination that the "contents of employee evaluation files shall be confidential" would include minutes and other documentation of votes on tenure or promotion applications for university professors.
In the instant situation, section 231.291(3)(a)2., Florida Statutes, does not grant a broad exemption for "information" or for materials, but, rather, limits the confidentiality to "[a]n employee evaluation" prepared pursuant to the statutory provisions in Chapter 231, Florida Statutes. There is no indication in section 231.291(3)(a)2., Florida Statutes, or in other sections of Chapter 231, Florida Statutes, that "[a]n employee evaluation" prepared by the superintendent or a principal, in the case of evaluating an assistant principal, would encompass an independent survey conducted by the teacher's union.
Accordingly, it is my opinion that anonymous surveys conducted independently by a teacher's union and provided unsolicited to the district school superintendent, which may or may not be used in preparing evaluations of principals and assistant principals, would not be "[a]n employee evaluation" exempt from the Public Records Law pursuant to section 231.291, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 231.29(1), Fla. Stat. (1993).
[2] See, section 231.29(2)(b), Fla. Stat. (1993). See, also, section 231.29(3), Fla. Stat. (1993), providing that a complete statement of the assessment criteria must include, but is not limited to, "observable indicators" that relate to the following:
(a) Ability to use appropriate classroom management techniques, including ability to maintain appropriate discipline. (b) Knowledge of subject matter. The district school board shall make special provisions for evaluating teachers who are assigned to teach out-of-field. (c) Ability to plan and deliver instruction. (d) Ability to evaluate instructional needs. (e) Other professional competencies, responsibilities, and requirements as determined by the local district.
[3] 599 So.2d 1021 (Fla. 4th DCA 1992).
[4] Section 240.253, Fla. Stat. (1993), provides:
The university may prescribe the content and custody of limited access records which the university may maintain on its employees. Such records shall be limited to information reflecting evaluations of employee performance and shall be open to inspection by the employee and by officials of the university who are responsible for supervision of the employee. (e.s.)